**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monica Van Duerm,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-25-00685-PHX-SMB<br><br>**ORDER** |

  The Court now considers Plaintiff Monica Van Duerm's appeal from the Social Security Administration's denial of Plaintiff's application for disability insurance benefits ("DIB"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision (AR 21–39). The Court **affirms** the ALJ's decision for the following reasons.

**I. BACKGROUND**

  On June 8, 2021, Plaintiff applied for DIB under Title II alleging a disability onset date of February 16, 2021. (AR. 21.) Plaintiff's claims were denied initially and on reconsideration. (AR 21.) After an administrative hearing, an ALJ issued an unfavorable decision on January 17, 2024, finding Plaintiff not disabled. (AR. 39.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR. 39.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II. LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

The Court only reviews the issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to

more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*, 400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

## III.  DISCUSSION

Plaintiff argues that the ALJ failed to: (1) properly consider Plaintiff's symptom testimony; (2) adequately consider medical opinion evidence; (3) properly consider lay witness testimony; and (4) relied on impermissible vocational testimony. The Court addresses each argument in turn.

### A. The ALJ Provided Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony

The Court first addresses Plaintiff's argument that the ALJ erred by improperly considering Plaintiff's symptom testimony.

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation modified). Second, if there is such objective evidence, and "no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citation modified). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff "alleged that persistent vertigo, dizziness, depression, migraines, and anxiety limit her ability to work." (AR 29.) The ALJ found that that the "claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the

medical evidence and other evidence in the record." (AR 29.) The ALJ provided substantial evidence supporting its conclusion.

The ALJ adequately explained that Plaintiff's allegations were inconsistent with medical evidence. (AR 30.) Indeed, the record reflects that multiple instances in medical examinations revealed "normal" or more moderate findings. (AR 30, 455–57, 462, 465–475, 482, 501, 583, 592, 595, 603, 650–51, 754, 805, 933.) Additionally, the record reflects multiple instances in which Plaintiff denied exhibiting certain symptoms. (AR 461, 499, 591–92, 602, 951, 972.) This is a recognized basis for discounting subjective symptom testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 958–60 (9th Cir. 2002) (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony).

The ALJ also pointed to multiple instances in the record where Plaintiff's daily activities undermined her symptom testimony. (AR 27, 337.) For example, Plaintiff prepared meals for her family, took her child to school, took care of her dogs, performed household chores. (AR 340.) This is a recognized basis for discounting subjective symptom testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors."). Viewed as a whole, the ALJ adequately identified which aspects of Plaintiff's testimony were inconsistent with the record and provided clear and convincing reasons, supported by substantial evidence, for discounting her subjective symptom allegations.

**B. The ALJ Did Not Err in Weighing Medical Source Opinion Evidence**

The Court now addresses Plaintiff's argument that the ALJ failed to properly address medical opinion evidence offered by Sanford Goldstein, PT, CDMS.

An ALJ "must consider all medical opinion evidence." *Tommasetti*, 533 F.3d at 1041 (citing 20 C.F.R. § 404.1527(b)). In examining medical evidence, an ALJ must articulate how persuasive he or she finds the medical opinions from each doctor or other

source. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023). Under the revised regulations applicable here,[1] supportability and consistency are the "most important" factors for an ALJ to consider in this analysis. *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(a)). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. § 404.1520c(c)(1). Consistency measures how a medical source compares with others; "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); § 404.1520c(c)(2). "[A]n ALJ need only provide 'an explanation supported by substantial evidence,'" not account for every possibility. *See Kitchen*, 82 F.4th at 740 (quoting *Woods*, 32 F.4th at 792).

> "Sanford Goldstein, PT, CDMS opined as follows, in part":
> The FCE reveals severely impaired work tolerance for using the right upper extremity for any fingering, handling, gripping, pinching, including typing, mousing, etc. Additionally, the movement disorder causes significant adverse effect on the subject's ability to move in general including bending at the waist, kneeling, squatting. She is unable to safely lift, carry, push, or pull. Prolonged postures such as sitting or standing/walking are adversely affected. Based on the FCE tests, observations made during testing and a review of her medical records, the subject is unable to perform any work including all types of "Sedentary" work on a regular and consistent basis.

(AR 34.) The ALJ found Goldstein's opinion unpersuasive. This conclusion is supported by substantial evidence.

The record supports the ALJ's conclusion that "Goldstein's opinion is further not supported or consistent with the balance of objective exams for the period under consideration, which were generally normal as discussed herein." (AR 34, 457, 464, 475, 484, 501, 592, 596, 600, 747, 751.) Additionally, Plaintiff does not meaningfully contest the ALJ's assertion that "Goldstein evaluated the claimant . . . significantly after the date

---

[1] Plaintiff filed their benefits application after March 27, 2017, so the revised SSA regulations govern how the ALJ evaluates and considers medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

last insured in this case expired" and that "[t]here is no implication that his opinion or evaluation is applicable to the period at issue." (AR 34); *see SB v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01842-PHX-JAT, 2021 WL 5150092, at *3 (D. Ariz. Nov. 5, 2021) ("At step two of the SSA's five-step evaluation process, the burden is on the claimant to establish the existence of a medically determinable impairment prior to her date last insured.").

### C. The ALJ Did Not Err in Considering Lay Witness Testimony

The Court now addresses Plaintiff's argument that the ALJ erred by rejecting the lay witness testimony provided by Plaintiff's husband and mother.

"[F]or claims filed on or after March 17, 2017, revised SSA regulations provide that an ALJ is not required to articulate how she considered evidence from nonmedical sources." *Bruce v. Comm'r of Soc. Sec. Admin*, No. CV-25-00957-PHX-MTL, 2026 WL 194211, at *5 (D. Ariz. Jan. 26, 2026) (citation modified) (quoting 20 C.F.R. §§ 404.1520c(d), 416.920c(d)). "Where the ALJ gives clear and convincing reasons to reject a claimant's testimony, and where a lay witness' testimony is similar to the claimant's subjective complaints, the reasons given to reject the claimant's testimony are also germane reasons to reject the lay witness testimony." *Caleb H. v. Saul*, No. 4:20-CV-5006-EFS, 2020 WL 7680556, at *8 (E.D. Wash. Nov. 18, 2020).

As noted, the ALJ gave clear and convincing reasons to reject Plaintiff's symptom testimony. Regarding Husband's and Mother's reports, the ALJ wrote as follows:

> [Husband's] and [Mother's] reports are generally consistent with the claimant's allegations. However, in general, they do not describe any limitations not already alleged by the claimant and not already considered herein; thus, the undersigned is unable to find the claimant more limited than found in this decision based on Mr. Van Duerm's and Ms. Thompson's third-party reports.

(AR 33.) The record does not suggest that either Husband's or Mother's reports are sufficiently dissimilar from Plaintiff's testimony such that the ALJ's analysis of Plaintiff's testimony is not germane to the lay witnesses' testimonies. (AR 33, 111, 123, 326–335, 362–369, 850–857, 828.)

- 6 -

**D. The ALJ Did Not Err in Making the Step Five Determination**

Finally, the Court addresses Plaintiff's argument that the ALJ erred by omitting certain information in the hypothetical questions posed to the step-five vocational expert ("VE").

At step five, the ALJ considers a claimant's RFC, age, education, and work experience to determine whether a claimant can make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(v). If a claimant can make the adjustment to other work, the claimant is not disabled. *Id.* To make this determination, the ALJ may rely on a VE to testify as to: "(1) what jobs the claimant, given [his RFC], would be able to do; and (2) the availability of such jobs in the national economy. At the hearing, the ALJ poses hypothetical questions to the [VE] that set out all of the claimant's impairments for the [VE's] consideration." *Tackett*, 180 F.3d at 1101 (citation modified). "Where the hypothetical the ALJ poses to the VE contains all of the limitations the ALJ finds credible and supported by substantial evidence in the record, the 'ALJ's reliance on testimony the VE gave in response to the hypothetical . . . [is] proper.'" *Antahn v. Comm'r of Soc. Sec. Admin.*, No. CV-23-00078-PHX-DLR, 2024 WL 3200696, at *5 (D. Ariz. June 27, 2024) (alterations in original) (quoting *Bayliss*, 427 F.3d at 1217); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (holding that the ALJ did not err in omitting limitations unsupported by substantial evidence in the record from the hypothetical posed to the VE).

Plaintiff argues that the questions posed to the VE by the ALJ were in error because they "omitted Van Duerm's credible allegations, the limitations described by the lay witnesses, and the limitations assessed by PT Goldstein." (Doc. 7 at 23.) As discussed, substantial evidence supports the ALJ's evaluation of Plaintiff's testimony, her husband's and mother's testimonies, and Goldstein's opinion. Thus, the ALJ did not err in making the step-five determination.

**IV. CONCLUSION**

Accordingly,

1 **IT IS ORDERED** affirming the ALJ's January 17, 2024 decision.

2 **IT IS FURTHER ORDERED** directing the Clerk to enter final judgment
3 consistent with this Order and close this case.

4 Dated this 17th day of February, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge

- 8 -